*U.S. Court of Appeals — Received Clerk — MAY 06 2024 — Atlanta, GA*

*Provided to Lowell Reception Center Correctional Institution on 4/29/24 for Mailing — MNW*

# United States Court of Appeals
## For the Eleventh Circuit

Maria Navarro Martin
    Petitioner

v.

State of Florida
    Respondent

Case N: 23-12412-A

DC Case N: 6:22-cv-01691-PGB-NI

## On Appeal
From the United States District Court, Middle District of Florida, Orlando Division

## Petition For A Writ Of Habeas Corpus Ad Testificandum

Maria Navarro Martin
Petitioner
G30340 - FWRC
3700 NW - 111th Place
Ocala - Florida - 34482-1479

UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

| | |
|---|---|
| Maria Navarro Martin | Case N: 23-12412-A |
| Petitioner | Case N: 23-14187-A |
| v. | LT Case N: 2017-CF-0001585-B-O |
| STATE OF FLORIDA | LT Case N: 2017-CF-010498-A-O |
| Respondent. | DC. Case N: 6:22-CV-01691-PGB-DCI |

PETITION FOR A WRIT OF HABEAS CORPUS
Ad TESTIFICANDUM

Comes Now, the petitioner Maria Navarro Martin, pro se, and respectfully request to this honorable Court, pursuant to provisions of 28USC 82241, the issuance of this writ, since that petitioner is entitled to a Transcripts under Post-Conviction Act, "And any concern over the need to Transcripts... prisoners to Court, should be considered if when writ of Habeas Corpus ad Testificandum are sought" Mitchum v Purvis, 650 F.2d 647 (5th Cir 1981), since that "the Failure to Furnish a Free Transcripts of the proceedings violate(d) the Due process and Equal protection of the Fourteenth Amend. of United States Constitution." Eskridge v Washington SB.TP. 357US.214, 78SCT, 1061. 2L.Ed2d, R69 (1958), Long v District of Iowa, 385 US 192, 87SCT 3662, 17LEd2d 290 (1966). Burns v State of Ohio, 360 US. 252, 79SCT 1164, 3LEd 2d 1209 (1959). Draper v State of Washington, 372 US.487, 83SCT, 774 9LEd2d 899 (1963). And in Support of this petition allege as follow:

PRELIMINARY ARGUMENTS REGARDING TO RECORDS AND ATTACHMENTS

The petitioner hereby adopts and Incorporate by Reference, the entire docket of this Cause, filed in the District Court, Middle District, Miami Div, upon the Case N: 1:22-CV-22799-JEM and Case N: 5:22-CV-00405-TPB-PRL of Middle District Ocala Div, which are related to the above styled cause previously.

## Statements of the Case and Facts.

On April 24, 2023, the Trial Court denied a petition for Writ of Habeas Corpus to disqualification of Trial Judge and Recall the Mandate, Together with a Motion Preserving the Issues for Appeal, Treated as Motion under Rule 3-800. which the Court rendered when it lacked jurisdiction, pursuant; Session v. STATE, 907 S.2d 572 (Fl 1rd DCA 2005), "the Trial's jurisdiction ends, 60 days elapse without rendition of an Order ruling on the Motion"... "Therefore She is entitled to the relief shoe seek "... "Because the Trial Court did not have jurisdiction to enter these Orders, they are Nullities", Campbell v. STATE, 789 S.2d 1213 (Fl 1rd DCA 2001) "the Motion preserved for appellate review appellant's contentions", Hart v State, 773 S.2d 1263 (Fl 1rd 2000).

The Statements gave by the Trial Court, deprived the petitioner of seek relief in the Trial Court. "Because State post-Conviction relief was no longer available at the Time the Facts come to light, it would been futile for petitioner to return to the Trial Courts... so that she cannot be said to have failed to develop the Facts in State Courts by reasons of having neglected to pursue remedies available under Florida Law", Williams v Taylor, 529 US. 420 120 S.Ct. 1479, 146 L.Ed.2d 435 (2000), and "It is well established that §2241 (c)(5), expressly grants district Courts the power to issue the Writ of Habeas Corpus ad Testificandum", Ballard v. Spradley 557, F.2d 476, 480 (5th Cir 1977)

Here "the petitioner did all she could to perfect her appeal in accordance with State law... the Failure of State Courts to hear and determine that Critical Issue (as to an Adequate Record) in accordance with constitutional standards of equal protection and due process of law, deprived the petitioner of her fundamental rights and her Cause is Cognizable in the Federal Courts" Chase v Page, 343 F.2d 167 (10th Cir 1965) Since that "prisoners have a right of access to the Courts", Bounds v. Smith, 430 US. 817, 97 S.Ct. 1491 52 L.Ed.2d 72 (1977) Wolff v. McDonell, 416, US. 539, 574 94 S.Ct. 2963, 2986, 41 L.Ed.2d 935 (1974) and "There is a First Amendment Right to access to Court Records and documents in Civil Cases", Newman v Graddick, 696 F.2d 796 (11th Cir 1983)

"Several decisions of the Supreme Court had treated access to the Court to redress Civil wrongs as a First Amendment Right, See In Re Primus, 436 US 412, 422-32, 98 SCT, 1693, 1699-1904 56 LEd2d 417 (1978) United States Mine Workers of America v. Illinois St Barr Ass'n, 389 US 217, 223, 88SCT, 353, 356, 19 LEd2d 426 (1967), NAACP v. Button, 371 US 415, 83 SCT, 328, 9 LEd2d 405 (1963), Johnson v Avery, 393 US. 483, 89 SCT, 747, 21 LEd 2d 718 (1968), protecting right to access to Court on due process and equal protection grounds. And it was well established that a Waiver of a Constitutional right must not be Coerced", Johnson v. Zerbst, 304 US. 458, 58 SCT, 1019, 82 LEd 1461 (1938).

 Since that the petitioner had a "First Amendment Right to access to Court Records" Newman v Graddick, 696 F.2d 796 (11th Cir 1983) "It was noless self-evident that holding someone in jail (denying the Complete Records on Appeal) violated arrested's Civil Rights", Hall v Ochs, 817, F.2d 920 (1987) and "Violations of others fundamental Constitutional Rights may give rise to Voidness as Well", (in First Amendment Violations) Crosby v Bredsteet, 312, F.2d 1463 (2nd Cir) Cert. denied, 373 US. 911, 83 SCT, 1300, 10 LEd 2d, 412 (1963) when the Court below, that render a decision regarding to the Transmission of the Records on Appeal, "acted in a Manner inconsistent with the Due Process", Barke v Smith, 252 F.3d 1260, 1263 (11th Cir. 2001), and in support of this petition allege the following Grounds:

## STANDARD OF REVIEW.

 This honorable Court should "Review de Novo a district's Court grant or denial of a habeas petition. The District Court's factual Findings are reviewed for clear error, while mixed questions of law and Facts are reviewed de Novo", Mc Nair v. Campbell, 416 F.3d 1291, 1297 (11th Cir. 2005). Ward v Hall, 592 F.3d 1144 (11th Cir 2010) Nylan v. Moore, 216 F.3d 1264, 1266 (11th Cir 2000) and "Review de Novo of a petition to proceed in Forma Pauperis for abuse of discretion", Martinez v Kristi Kleaner's Inc, 364 F.3d 1305, 1306 (11th Cir 2004), and "Review interpretations of the Act de Novo", Brown v Johnson, 387 F.3d 1344, 1347 (11th Cir 2004) as "determination that it helped Subject-matter jurisdiction de Novo", Mahone v Ray, 326 F.3d 1176, 1178 (11th Cir 2003)

-3-

GROUND ONE: Were the underlying proceedings, related to Record's Requests, accord to Due Process of the law?

Facts: The petitioner requested a Complete Record on Appeal proceedings, which were denied by the State and Federal Court(s) as follow:

Requests of Records denied in the Trial Court:
- On July 8, 2021, the Court denied the defendant's Request to Records Concealed in the Evidentiary hearing, Case N: 2C17-CF-010495-A-O.
- On August 22, 2022, the Court denied the appellant's petition to Supplement the Records on Appeal, Case N: 2C17-CF-010495-A-O.
- On December 1, 2021, the Court denied the petitioner's Review of her Motion to Dismiss, due to Clerk's Inability to Complete the Records on Appeal and denied defendant's right to access to the Court, to filed the Motions necessary to Supplement the Records on Appeal, Case N: 2C17-CF-001555-B-O

Requests of Records denied in the State's District Court of Appeal:
- On November 30, 2021, the District Court denied a petition for Supplement the Records on Appeal, Case N: 5D21-1785-LT. Case N: 2C17-CF-010495-A-O.
- On December 1, 2021, the District Court denied proceed in Appeal, due to "Inability of the Clerk to Complete the Record on Appeal" by lack of Jurisdiction on the Case N: 5D21-2434, and dismissed Case N: 5D21-2794 on December 10, 2021.
- In the Case N: 6D23-2748, also was denied a petition for Writ of Mandamus requesting the Records on Appeal; and denied review by the Florida Supreme Court, which rendered the claim exhausted in State's Courts.

Requests of Records on Federal Courts:
- On June 22, 2023 (Doc. 16) a Motion requesting the Records of Final Judgment was denied by the judge Paul Byron.
- On July 25, 2023 (Doc. 23) requesting a Complete Record on Appeal was denied on August 15, 2023 (Doc. 30), and a Motion for Disclosure of Records on Appeal was denied August 15, 2023 (Doc. 31).

The petitioner was denied a Complete Record on this appeal, since that Doc 13 and 14, were not Transmitted on this appeal. (See Doc 27) which the Transmittal of the Records, Constitute (d) a false representation before this Court, by an incomplete Record on Appeal.

-4-

Assignment of Error:

"Pursuant to 18 USC § 1512 (c)(1), It is an obstruction to the justice, "Whoever corruptly, alter, destroys, mutilates or conceal a record... for use in an official proceeding. Where "there is a First Amendment Right to access to Court Records and documents in Civil Cases... the compelling interest Standard applies to Civil as well as criminal proceedings", Newman v Graddick, 696 F.2d. 796 (11th Cir 1983). "the petitioner was denied application to inspect and Copy of Records (see Doc. 16, Doc. 30, Doc 31 and "Miscellaneous Relief" Doc 4). It is a denial of access to judicial records, because the District Court did not articulate any reason for excluding appellants that out weighed the presumption of access to Court proceedings", Newman v Graddick, 696 F.2d 796 (11th Cir 1983). It was a "discriminatory denial of right to appeal, which violate (d) the equal protection Clause of the Fourteenth Amendment", Dowd v. United States ex rel Cook, 340 US. 206, 208, 71SCT, 262, 95 L.Ed 215, 19 A.L.R. 784 (1951)

By the Failure of the District Court to Transmitted a Complete record on Appeal suppressing the Doc. 13 and 14 of the Docket Sheet; "the Cause (should) be heard in the Circuit Court of Appeals upon a record Improperly made up... the District Court failed to understand the essential purport of the Order", Duke Power Co. v Greenwood County, 299 US. 259, 267, 57SCT, 202, 205, 81 L.Ed, 178 (1936). "the Clerk of any Court of the United States shall furnished to the petitioner without Cost Certified Copies of such documents or part of Records...before whom the application is pending", United States v. Connors, 904 F.2d 535 (9th Cir 1990). "the Clerk cannot - the Trustee - be relieved of those very basic that the Law imposed", 890 Sw2d 262 (1995). Here "the Failure To furnish a Free Transcripts of the proceedings (in State Courts and Federal Courts), Violate (d) the Due Process and Equal protection Clause of the Fourteenth Amendment of the United States Constitution." Eskridge v. Washington, S.B.T.P 357 US. 214, 78 SCT, 1061, 2 L.Ed 2d, 1269 (1958) and which:

"Any Concern over the need to Transcripts...prisoner to Court, should be Considered if when writs of Habeas Corpus ad Testificandum are sought", Mitchum v Purvis, 650 F.2d 647 (5th Cir 1981); which the following Issues are being suppressing of the Records on Appeal:

-5-

USCA11 Case: 24-11862   Document: 2-3   Date Filed: 06/07/2024   Page: 6 of 17

(1) Suppression of Sentencing hearing Transcripts in Post-Conviction State's Proceedings.

The Clerk of the lower Court, suppressed in all the Transmittal of Appeal's Records, the Transcripts of the First part of the Sentencing hearing which Transpired on May 3, 2019, to which the petitioner being an Indigent party incarcerated have a Constitutional Right to Free Transcripts of the Trial proceedings on Appeal", See Colonel v. State, 723 So2d 853 (Fl. 3rd DCA 1998), where the State's Courts were under "a Mandate" to Comply with Constitutional dictates and due process and equal protection" (to the Transmission of Transcripts and Court Records) Griffin v. Illinois, 351 US. 12, 876SCT, 585, 590, K6LEd 891 (1956) and which "the State was in possession and obligated to disclosure", State v Kokal 562 So2d 324 (Fl. 1990).

(2) Suppression of State's Exhibits presented to jury at Trial on Appeal's Records.:

The Clerk suppressed the State's Exhibits presented at Trial of all the post-Convictions proceedings on State's Court, which Contained a "State's Exhibit 1", as the Charging document" which was found "Nolle prosequi" by the prosecution on February 14, 2024; rendering "Void ab Initio", the Charging document presented to jury. The petitioner was deprived in State's post-Conviction proceedings of Show that the Conviction was imposed upon "perjured evidence". this erroneous admission of evidence of Collateral Crimes required reversal of appellant's Conviction", State v Lee, So2d 133, 137b, Lw.532 (Fl 1988), Williams v State, 110 So2d 654 (Fla.) 6 rden. 361US847 80SCT, 102, 4LEd2d 86 (1959), and "had a reasonable probability that had the evidences (State's Exhibits) been disclosed (in State's post-Conviction proceedings) the result of the proceeding would have been different", Cone v Bell, 556 US, 449, 469-470, 129SCT, 1769, 173 LEd 2d 701 "great enough to undermine confidence in the outcome (of the proceeding", Kyles v Whitley, 514 US 419, 434, 115SCT, 1555, 131 LEd2d 490

(3) Suppression of State's Court records certifying that the desired appeal Was not persued in "Good Faith."

The Supreme Court established the Standard to be applied by the lower Federal Court in passing upon such application in Coppedge v. United States, 369 US. 438, 82SCT, 917, 8LEd2d 21 (1962); and Miller v. United States, 317,

- 6 -

US. 192, 198, 63 SCT, 187, 87 L.Ed. 179, 317 US 601 (1942). Here the petitioner was unable to demonstrate that the Trial Court had not Certified that the appeal in "Forma pauperis" "was not pursued in good faith", since that the "petitioner" alleged that "perjured testimony was presented", See Coppedge, 369 US, 438, 82 SCT, and where a Certification of the Trial Court was required, Johnson v. United States, 531, 352 US. 565, 77 SCT, 550, 1 L.Ed.2d 593 (1957), and where the petitioner "must be allowed to file appeals and habeas petitions without payment of docket fees", Burns v. Ohio, 360 US. 252, 257, 79 SCT, 1164, 1168, 3 L.Ed.2d 1029 (1959) Smith v. Bennett, 305 US. 708, 81 SCT, 895, 6 L.Ed.2d, 39 (1961), which the District Court erred upon (Doc. 12 and Doc. 20) that the appeal "was not pursued in Good Faith", without a "Record of Sufficient Completeness", which "the petitioner has not yet been afforded an adequate opportunity to show the Court of Appeals that her claimed error are not frivolous so as to enable that Court to review properly the District Court's Certification that the appeal was in bad Faith", Fairley v. United States, 686, 354 US. 521, 77 SCT, 1371, 1 L.Ed.2d 1529 (1957), which constitute(d) an "abuse of discretion" Docker v. Comm. G.Sp.T.Ca. 820 F.3d 1278, (11th Cir 2016). Martinez v. Kristi Kleaner Inc, 364 F.3d 1305, 1306 (11th Cir 2004).

(4) Suppression of Record which Rendered the "Underlying Judgment Void."

The Records of the years 2021-2022 and 2023, which contains all the State's post-Conviction proceedings were suppressed, which should demonstrate that the "Underlying Judgment is Void", when the Trial Court rendered an Order without jurisdiction. "Every Federal Appellate Court has a Special obligation to satisfy itself not only of its own jurisdiction, but also that the lower Court in a cause under review, And if the record discloses that the lower Court was without jurisdiction this Court will notice the defect." Arizonians for Official English v. Arizona, 520 US. 43, 73, 117 SCT, 1055, 137 L.Ed.2d 170 (1997), where the petitioner had a "First Amendment Right to access to Court Records", Newman v. Graddick, 696 F.2d 796 (11th Cir 1983), and this "discriminatory denial of right to appeal violates the equal protection protection Clause of the Fourteenth Amendment." Down v. United States ex rel.

-7-

**GROUND TWO:** Was the judgment rendered by the District Court, rendered upon the provisions of Fed. Rule Civ. Proceedures?

**Facts:** On July 18, 2023 and August 3, 2023 (Doc. 18, Doc. 27), the Clerk of the Court below, certified a "Complete Transmittal" of initial appeal package to USCA, including a docket sheet, which were concealed and suppressed the Doc. 13 and 14 of the docket sheet, which a final judgment was not entered, accord to the requirements of Fed. Rule Civ. Proc. 58(a), Rule 58(c)(2) and Rule 79(a), in violation of the Due process of law, accord supporting appendices (Doc. 18).

**Assignment of Error:**

"Rule 58 of the Fed. Rule Civil Proceedure governs the Time of entry for judgments... The rule is that judgment "must be set out in a separate document" Fed. Rule Civ. P. 58(a), and under Rule 58(c)(2), "judgment is entered... when the judgment is entered in the Civil docket... and under rule 79(a) and the earlier of these events occur, (A) It is set out in a separate document... Cases from the Supreme Court and Circuit Courts fully support this plain reading of the Rules. In United States v F & M Shaefer Brewing Co, 356, U.S. 227, 78 SCT, 674, 2L.ed.2d 721 (1958), the Supreme Court suggested in dicta that a substantive docket entry is necessary to start the clock for filing a notice of appeal. See id at 232-33 (Mentioning among other things the requirement that the Clerk make a docket notation showing the substance of the judgment and stating that "When all of these elements clearly appear final judgment has been both pronounced and entered, and the Time to appeal... they were not encoded into the Federal Rule". Graddy v. Educ. Cred. Mgmt Co. No. 18-14748 (11th Cir Feb 26, 2019).

Due to failure of the Clerk to entered the Doc 13 and 14 in the Docket Sheet, It is clear that there is no lack of appellate jurisdiction on the basis of untimeliness, here the petitioner did not received notice of the entry of the Final Order... the district Court abused of its discretion", McCants v. United States, 23-11308 (11th Cir Nov. 29, 2023), where the District Court was to respond to provide a "Record of Sufficient completeness"

-8-

before of found "that the appeal was not persued in "Good Faith" (Doc. 12.) Drapper v. State of Washington, 372 US 467 83 SCT, 774 9 LEd2d 899 (1963) and the Supreme Court has made clear that "A district Court by definition abuses its discretion when it makes an error of law", Koen v. United States, 518 US 81, 116 SCT, 2035, 135 LEd2d 392 (1996).

"It appear that upon inspected the docket sheet, found the lost (Doc. 13 and 14) of the docket sheet". the judgment was Vacate in Tessmer v. Walker, 833 F.2d 925 (11th Cir 1967). Here the petitioner is entitled to the Same relief, under the Equal protection Clause of the Fourteenth and fifth Amend. of the United States Constitution.

"Notably the order did not included (Doc 13 and 14), moreover did it include the entry Corresponding (to final judgment)...did not constitute formal notice of its order denying (her)rule...the district Court abused its discretion", Phillips v. Sec Fla Dpt Cor. N° 17-11992 (11th Cir June 12, 2019)

the Court archived rendered denying the petition (s), stated: "the petitioner was Confined in Hernando Correctional Institution" (See Doc 12) when previously the Court knew, the petitioner was Confined in Ocala, in the Florida Dpt of Corrections (See Doc 1 (Court Seal) and Doc 5 and 6) Upon Fraud in the Court, the petitioner's address was changed to "Hernando Correctional Institution" (See Doc 9), with the deliverated intent of deprived the petitioner proceed in Appeal, proceeding that were not Served in the place of petitioner's confinement, in Ocala Florida W. Recep Center.

"Because the judgment, was not served in the petitioner's place of Confinement (Doc 12), and there is no other indication of Service (Since that the Doc 13 and 14)(were suppresed of the docket sheet)... if the Record shows no Service, or a Service which is insufficient or unauthorized by Law, the judgment must be regarded as Void", Austin v Smith 114 US App DC 97, 103, 312 F.2d 337, 343 (1962).

"the Clerk failed to notify to the plaintiff of the entry of the final judgment. as required under rule 77(d)", Expedition Unltm, Aquatic Enter, Inc v. Smithsonian In.I. 500 F.2d 808, 163 US App DC 140 (DC Cir 1974) Fidelity & Deposit Co of Maryland v. USA Inter. Inc. 523 F.2d 744 (5th Cir 1975) Cert denied 425 US 950, 96 SCT (1976)

-9-

Here, the petitioner was deprived of the Due process of law, in violation of the rights guarantee by the Amend. XIV of the United States Constitution, since that "An elementary and fundamental requirement of due process in any proceeding accorded Finality is notice reasonably calculate under the circumstances to appraise interest parties of action... and to offer them an opportunity to present their objections." Mullans Yanover v Bank Trus Co. 339 US 306, 314 70 SCT. 652, 657, 94 LEd 865 (1950).

"This is not simply a case of the Clerk's failure to advise (petitioner), there seems to be no plausible argument why (petitioner) should not be able to rely on the positive statements of the Clerk's office. Even if (the petitioner) had not been served properly, (petitioner) could not have learned of the critical date upon which judgment was entered until the lost docket sheet was found. Finding the docket sheet was the Clerk's responsability... the district Court required a higher standard of diligence", Tessmer v Walker, 833 F2d 925 (11th Cir. 1987)

The District Court, "deprived the defendant of liberty through a deliberate deception of Court by the presentation of testimony known to be perjured" Mooney v Holohan, 294 US 103, 112, 55 SCT, 340, 79 LEd 791 (1935) when the Clerk certified a "Complete Record", suppressing the Dec 13 and 14 of the Docket Sheet, "Fundamentally unfair... (for it) invalue(s) a corruption of the Truth-seeking function of the ...process" United States v. Agurs, 427 US 97, 103-04, 96 SCT. 2392, 49 LEd 2d 342 (1976), which "the due administration of justice requires that a Court shall not permit interference with the progress of a Cause", Lamb v Schmitt, 285 US. 222 ST. 317, 76 LEd 2d 720 (1932), which the petitioner's was prejudiced by the change of address expected on the Court order (Dec. 9), being a Fraud Upon the Court and violation of 15 USC § 1343, and § 1341. "The Federal Mail Fraud Statute Criminalizes the Use of the mails in the service of uteralic), "any scheme or artifice to defraud" 18 USC § 1341. United States v. Nayak, 769 F.3d 978 (7th Cir 2014), where the Clerk had a duty to maintain a custody of Records, pursuant Fed R. App Prac. 45 (b)(1) and 45 (d) during all the appeal process, and which "the Clerk is not immune." McCray v State of Maryland, 456 F.2d (4th Cir. 1972)

"The Public Disclosure Act is a strongly worded mandate for broad disclosure of public Records" Hearst Cop. v Hoppe, 90 Wash. 2d 123, 127 580 P.2d 246 (1978), which the District Court erred by denying (petitioner's) review on the merits of (her) claims as moot (See Doc 30), and because did not disclosure of the records ... claims are not moot, since fees, costs and penalties are appropriates if the (petitioner) prevails on the merits", Spokane Res. Fund. v City of Spokane, 117 F.3d 1117, 155 W/n 2d 89 (Wash. 2005) which the Suppression of Evidences was Material (Doc 13 and 14), because it had a "Natural Tendency to influences or be capable of influenajing, the payment or receipt of money or property", Neder v. United States, 119.SCT. 1827 H- 97-1985 (Jun 10, 1999), and it (last docket sheet, as Doc 13 and 14) "Creates a reasonable doubt that did not otherwise exists" since that petitioner "was unaware of the Order ... to comply with... the deadlines for a timely appeal of the Order See F.R.App.P. 4(a)(4)(A)", Hallins v. Dpt Cor FL 191 F.3d 1324 (11th Cir 1999), being it a judicial action of the Clerk, upon "the Transmittal of Initial packet to USCA", (See Doc 15 and Doc 27), since that "docket entries constitute a reasonable reliance" Pinion v Dow Chemical USA, 928 F.2d 1522 (11th Cir 1991) and since that "Service of process was insufficient, the Court had no power to render the judgment, and the judgment is void", Varnes v Local 91, Glass BB. Ass & U.S. and Cen 674 F.2d 1365 (11th Cir 1982), "if the Court below acted in a manner inconsistent with the Due Process of the laws", Barke v Smith, 252 F.3d 1260, 1263 (11th Cir 2cd).

"The Middle District's use of a public and Sealed docket to note criminal proceedings is an unconstitutional infringement on the right of the public... to Seek the release of In Camera Motions and Transcripts", United States v Valenti, 987 F.2d 708 (11th Cir 1993) and "When an alleged deprivation of a Constitutional Right is involved, most Courts hold that no further showing of irreparable Injury is necessary", Mitchel v Cuomo, 748 F.2d 804, 806 (2nd Cir 1984) Henry v Greenville Airport. Comm'n 284, F.2d 631, 633 (4th Cir 1960). "Even a Temporary deprivation ... is sufficient to prove irreparable harm element by demostrating a Violation of (her) Constitutional Rights", Fleet Wholesale Supp. v. Remington Arm G, 846 F.2d 1095, 1098 (7th Cir 1988)

-11-

The Supreme Court has already recognized instances where the same constitutional right might be redressed under either for relief, as a civil rights action or a habeas petition, See *Preiser v Rodriguez*, 411 US. 475, 93 SCT, 1627, 36 LEd.2d 439 (1973). *Haines v Kerner*, 404 US. 519, 92 SCT, 594, 30. LEd2d 652 (1972). *Wilwording v Swenson*, 404. US. 249, 92 SCT, 407, 30 LEd2d 418 (1971), and since that petitioner "is not required to assert an actual injury beyond the violation of his personal legal right to satisfy the injury in fact", *Carey v Piphus*, 435. US, 247, 266, 98 SCT, 1042, 55 LEd 2d 252 (1978), which is "Concrete and particularized and actual or imminent, not conjectural or hypothetical" *Lujan*, 504 US. at 560-61, 112 SCT, 2130. "Turning to Scienter, thus withholding reports (Doc 13 and 14) of adverse effect of this lawsuit... is an extreme departure from the standards of Ordinary care, giving rise to a strong inference of Scienter", *Matrixx Inic. Inc. v. Siracusano*, 179 LEd. 2d 398, 131 SCT, 1309, 563 US. 27 (2011), because it concealing of records on Appeal, was capable of influencing the payments (1) of Claims denied by the Agency for Health Care Administration (AHCA) and (2) the Rewards to which was entitled the Medicaid Fraud Control Unit, upon the Fla Statute, "Rewards for Reporting Medicaid Fraud", "the remaining 50 percent of such money shall be used by the Medicaid Fraud Control Unit ... to funds any related Civil action", which exists an Casual Connection showing an irreparable injury and harm by the rest of the proceeding. "The mere fact that an organization redirects some of its resources to litigation and legal counseling in response to actions or inactions of another party... individual affected by the appellee's action have standing", *Assoc. of Retarded Citizens of Dallas v. Dallas Cty. M.H. M Ret. Ct. of Tex.* 19 F.3d. 241 (5th Cir 1994), and upon the Reverse False Claims provisions of the False Claim Act. (F.C.A.) imposes liability on anyone who "knowingly (See USCA number: 23-12412 (JG) Entered: 04/25/2024) "the Middle District of Florida) Certifies that the Record is Complete for purposes of this appeal", concealing the Doc 13 and 14 of the Docket Sheet.) conceals or knowingly and improperly avoids or decreases an obligation to pay... money... to the Government", 31 USC § 3729 (a)(1)(G)... whether or not fixed arising from an express or implied Contractual...relationship" *Id*. § 3729 (b)(3), that the petitioner had with (AHCA) to the payment of the Claims submitted to reimbursement (See Case 2013-CF-CC-1585-B-O)

This honorable Court should find as a Matter of law and of Rights, that the Clerk of Court of the Middle District Orlando Div of the State of Florida, made material misrepresentations or omissions on the Doc. 18 and 27 "Transmittal of initial package to USCA" where the Clerk affirmed a "Complete docket Sheet", had been Transmitted, which were spoliated the Doc 13 and Doc 14, which was (1) A material misrepresentation of the docket Sheet, and Confirmed by the Court below Case N: 1:22-cv-22799-JEM. (See Exhibit attached). (2) Scienter was present, by "Withholding reports of adverse effect of a lawsuit", depriving the petitioner of a Timely right to appeal; and (3) had a Casual Connection between the misrepresentations and the "awards" to which was entitled the Medi-Caid Fraud Control Unit," withholding payments submitted to the Agency (AHCA) and where "the Withhold payments (was executed) without first guarantee of due process that the Fourteenth Amend. guarantee and can violate (d) the Fourteenth Amendment procedural due process", Alexandre v Ill Dpt of Health, 2006745 (N.D. Ill. Sep 15, 2021); which at Time of the Transmission of the Initial package to USCA, on July 18, 2023 and August 03, 2023; the petitioner had still the Case N: 2017-CF-000585-B-O open in the Trial Court and pending to a Trial proceeding. "the risk of an Erroneous decision concerning (the) Fraud is Negligible.", Barry v Barchi; 443 US 55, 64 99 SCT, 2642, 2649, 61 L ed 365 (1979).

"the Clerk is not immune." McGray v State of Maryland, 456 F.2d (4th Cir 1972) "Because their jobs requires no discretionary judgment ... are not entitled to immunity as part of the judicial function", Antoine v Byers Anderson Inc, 508 US 429 113 SCT, 2167, 124 L Ed 2d 391 (1993), and "the interference with the right of Court access, by who intentionally conceal the True facts about a Crime may be actionable as a deprivation of Constitutional rights under 42 §§ 1983, 1985" Chappel v Rich, 340 F.3d 1279 (11th Cir 2003), and under the provisions of "the Reverse False Claims provisions of the False Claims Act" 31 USC § 3729 (a)(4)(G); this Court should imposes liability on anyone who "Knowingly Conceals and improperly avoids ... an obligation to pay ... money ... to the Government" where had a "Breach of an anambigeus statutory promise to pay for services rendered to the government", Mc Cnty Health Options v United States, 140 SCT 1308, 206 L Ed 2d 764 (2020)

WHEREFORE, the petitioner Marra Navarro Martin, pro se, respectfully requests to this honorable Court, find as a matter of laws and of Rights, that:

(1) A Complete Record shall be Transmitted to this Court, which are actually filed upon the Followings Case(s) N°:

(a) Case N° 2017-CF-000585-B-0 and Case N° 2017-CF-010496-A-0 in the Ninth Judicial Circuit Court of Orange County Florida.

(b) Case N° 1:22-CV-22799-JEM, on the District Court Southern Region Miami Division. (See Doc 1 through Doc 6)

(c) Case N° 5:22-CV-00405-TPB-PRL, on the District Court, Middle District of Florida, Ocala Div, (See Doc. 7 through 11)

(2) The District Court of Appeal, Middle District Orlando Div, erred by not pronounce and entered a Judgment, "encoded into the Federal Rule", and the petitioner is entitled to the Same relief upon Graddy v. Educ. Cred Mgmt Co, N° 18-14248 (11th Cir Feb 26, 2019)

(3) The Clerk of Court of the Middle District Orlando Div, and the District Court Middle District Orlando Div, "Abused of discretion", pursuant Tessnier v Walker, 833 F.2d 925 (11th Cir 1987) by the lost of the docket sheet Doc 13 and 14 on the above-Styled Cause.

(4) The Order(s) rendered by the District Court, Middle District Orlando Div denying the petition(s) for Writ of Habeas Corpus shall be reversed.

(5) Petitioner's Constitutionals Rights guarantee by the XIV Amend. of the U.S. Constitution, were violated.

- 14 -

OATH

Under the authority of the Section 92.525 Fla. Statute and State v. Shearer, 626 So2d 1102 (Fl. 1994) the petitioner makes the Following oath under penalties of perjury. "Under penalties of perjury, I declare that I have read the Foregoing petition, and that the Facts and matters stated, are True."

*[signature]*
Maria Navarro Martin

CERTIFICATE OF SERVICE

I Do hereby Certify, that an Original of this document, has been delivered via US Mail to the Clerk of Court of the Circuit Court for the Eleventh Circuit, I Further Certify that a Copy of this document be e-served to the State of Florida, Office of the Attorney General, 444 Seabreeze Blvd, Daytona Beach FL, to the Sheriff, Ocala Division, to Clerk of Court, Middle District of Fla. Orlando Division, to Solicitor General of United States, 950 Pennsylvania Av. Dpto of Justice, and all the Lawyers on Records, via e-filing Court System, on this day May, 1, 2024

*[signature]*
Maria Navarro Martin
G30340 - FWRC
3700 NW - 111th Place - Ocala - Fl.
34482 - 1479

CERTIFICATE OF COMPLIANCE

This document is in Compliance with all the Fonts and the Word Count, requirement by the F.R.A.P. 9045

-15-

USCA11 Case: 24-11862   Document: 2-3   Date Filed: 06/07/2024   Page: 17 of 77

SUPPLEMENTAL APPENDICES
To PETITION FOR WRIT OF HABEAS CORPUS
Ad TESTIFICANDUM.

(1) Supplemental Appendices filed previously on Dec. 23.

(2) Order(s) rendered by the Ninth Judicial Circuit Court of Orange County, Florida on Petition for Writ of Habeas Corpus