**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

MARIA NAVARRO-MARTIN,

      Petitioner,

v.                                                            Case No.  6:24-cv-1080-WWB-EJK

WARDEN, FLORIDA WOMEN'S
RECEPTION CENTER,

      Respondent.

_____/

## <u>ORDER</u>

THIS CAUSE is before the Court on Petitioner Maria Navarro-Martin's "Petition for Writ of Habeas Corpus Ad Testificandum" ("**Petition**," Doc. 1).  For the following reasons, the Petition will be dismissed.

Petitioner notes that the Petition is filed under 28 U.S.C. § 2241, but she sought to file the Petition in her pending appeal in the Eleventh Circuit Court of Appeals in Case No. 23-12412 of the dismissal of her habeas action in Case No. 6:22-cv-1691-PGB-DCI. (Doc. 1 at 1–2).  Although not entirely clear, Petitioner appears to request the Eleventh Circuit to (1) order the district courts in Case Nos. 1:22-cv-22799 (S.D. Fla.), 5:22-cv-405-TPB-PRL (M.D. Fla.), 6:22-cv-1691-PGB-DCI (M.D. Fla.), and the state courts in her criminal and collateral proceedings to file various documents for consideration in her appeal, (2) find that the district court in Case No. 6:22-cv-1691-PGB-DCI erred by not entering judgment, (3) find that the Clerk of Court for the Middle District of Florida and the district court in Case No. 6:22-cv-1691-PGB-DCI abused their discretion by failing to include docket entries 13 and 14 on the docket sheet on appeal, and (5) reverse the

district court's denial of her habeas petition. (*See* Doc. 1 at 15 (Petition requesting the Eleventh Circuit to order the filing of the complete records from Petitioner's various state and federal court cases and to reverse the district court's denial of her habeas petition in Case No. 6:22-cv-1691-PGB-DCI)). The Eleventh Circuit construed the Petition to be an application for writ of habeas corpus filed under 28 U.S.C. §§ 2241, 2254, or 2255, opened a new case (USCA11 Case No. 24-11862), and transferred the case to this Court pursuant to Federal Rule of Appellate Procedure 22(a). (Doc. 1-4 at 1–2).

"[C]hallenges to the execution of a sentence, rather than the validity of the sentence itself, are properly brought under [28 U.S.C.] § 2241." *Moody v. Holman*, 887 F.3d 1281, 1287 (11th Cir. 2018) (quoting *Antonelli v. Warden*, 542 F.3d 1348, 1352 (11th Cir. 2008)); *see also Washington v. Warden, FCC Coleman - USP I*, No. 5:18-cv-2-Oc, 2018 WL 10320575, at *1 (M.D. Fla. Feb. 27, 2018) ("To the extent Petitioner challenges the execution of his sentence (i.e., loss of gain time), the petition is appropriately brought under 28 U.S.C. § 2241."). A habeas action initiated by a prisoner in custody pursuant to the judgment of a state court that challenges the validity or legality of the petitioner's conviction or sentence is properly raised under 28 U.S.C. § 2254. *See, e.g.*, *Moody*, 887 F.3d at 1287–88; *Medberry v. Crosby*, 351 F.3d 1049, 1060–61 (11th Cir. 2003).

Here, Petitioner is a prisoner in the custody of the State of Florida under a judgment of conviction. *See Martin v. State*, Case No. 6:23-cv-149-RBD-EJK, Doc. 31 (September 15, 2023) (denying Petitioner's habeas petition attacking her conviction for witness tampering). The Petition does not challenge the legality or validity of Petitioner's sentence or conviction or the duration or execution of her sentence. Rather, as discussed above, Petitioner appears to want to supplement or correct her appellate record and for the

Eleventh Circuit to reverse the denial of her habeas petition in Case No. 6:22-cv-1691-PGB-DCI.  Consequently, to the extent Petitioner intended to file a habeas petition, she has not stated a cognizable claim under § 2241 or § 2254.[1]

Further, Petitioner previously filed a habeas petition challenging her conviction, which was dismissed with prejudice on September 15, 2023.  *See Martin v. State*, Case No. 6:23-cv-149-RBD-EJK, Doc. 31.  Before Petitioner may file a second or successive habeas corpus application in this Court, she must move in the Eleventh Circuit Court of Appeals for an order authorizing the district court to consider the application.  *See* 28 U.S.C. § 2244(b)(3)(A).  Thus, even if the Court construed the Petition to be raised under § 2254, it would be subject to dismissal without prejudice to allow Petitioner the opportunity to seek authorization from the Eleventh Circuit Court of Appeals to file a successive petition.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1.  This case is **DISMISSED without prejudice**.

2.  The Clerk of Court is directed to **CLOSE** this case.

**DONE** and **ORDERED** in Orlando, Florida on June 18, 2024.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that to the extent Petitioner seeks to correct her appellate record, she may refer to Federal Rule of Appellate Procedure 10(e)(1)–(3).

3

Copies furnished to:

Counsel of Record
Unrepresented Party